UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
    v.                             )
                                   )    C.R. No. 04-074-02-S
CLARA VASQUEZ.                     )
                                   )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Clara Vasquez ("Petitioner" or "Vasquez") has filed a petition for writ of error coram nobis ("Pet."). (ECF No. 82.) For the reasons that follow, this motion is denied.

I.  Background and Travel

On November 29, 2004, Clara Vazquez pled guilty to a two-count indictment charging her with conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and § 846. Vasquez's plea was made pursuant to a plea agreement in which she waived her right to appeal if her offense level determined by the Court was 23 or lower. (Plea Agreement ¶ 9.)

The Presentence Report calculated a guideline range of 37 - 46 months imprisonment, based on a net offense level of 21 and a criminal history category I. At the sentencing hearing on

February 18, 2005, this Court granted Vasquez's request for a further two-level adjustment based on her minor role in the offense, which yielded a guideline range of 30 - 37 months. (See Sentencing Hr'g Tr. 45-46, Feb. 18, 2005, ECF No. 81 ("Sent. Tr.").) After argument by her counsel, Attorney Victor Beretta, the Court then imposed a sentence of 12 months imprisonment on each count -- 18 months below the modified guideline range -- to be served concurrently, followed by five years of supervised release.

Vasquez did not file a direct appeal, and her conviction became final on or about March 10, 2005. She has not sought postconviction relief under 18 U.S.C. § 2255.

Vasquez now seeks to vacate her conviction pursuant to a petition for writ of error coram nobis, claiming that there was an insufficient factual basis for her plea agreement, citing United States v. Tyler, 758 F.2d 66 (2d Cir. 1985), and that had she known this, she would not have pled guilty.

II. DISCUSSION

    A. Nature of Petition

As a threshold matter, there is a question as to whether Vasquez's petition for coram nobis relief under the All Writs Act should be treated as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The government points out that, because

2

Vasquez claims her conviction is invalid, it is properly brought only under § 2255. (See Gov't's Opp'n to Def.'s Pet. for Writ of Error Coram Nobis ("Gov't Mem.") 2, ECF No.83.)

The All Writs Act[1] permits district courts to issue writs of error coram nobis in appropriate cases. United States v. Morgan, 346 U.S. 502 (1954). "A writ of error coram nobis is a common-law writ through which a rendering court, subject to certain conditions, may correct its own judgment on the basis of some patent error affecting the validity or regularity of that judgment." Trenkler v. United States, 536 F.3d 85, 90 n.2 (1st Cir. 2008), cert. denied, 129 S. Ct. 1363 (2009).

However, it is settled in this Circuit that a coram nobis petition cannot be used as a way to avoid the filing deadlines under 18 U.S.C. § 2255. Id. at 97-98; see also Barreto-Barreto v. United States, 551 F.3d 95, 103 (1st Cir. 2008). That is because "[a]t most, [the All Writs Act] constitutes 'a residual source of authority to issue writs that are not otherwise covered by statute.'" Trenkler, 536 F.3d at 97 (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)).

---

[1] The All Writs Act, 28 U.S.C. § 1651, provides in pertinent part:
> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

In Trenkler, the Court of Appeals noted that Section 2255

> was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence. . . .
> . . . .
> We think it follows that when a statute -- like section 2255 -- specifically addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence.

Id. at 96-97. The court further noted that "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. at 97 (emphasis in original) (internal quotation marks and citation omitted) (collecting cases); see also Barreto-Barreto, 551 F.3d at 103 (rejecting petitioners' contention that, even if their § 2255 motions were untimely, they were entitled to coram nobis relief).

The instant case is governed by Trenkler and Barreto-Barreto. Here, Vasquez claims that she was unlawfully convicted because the facts to which she pled were insufficient, contending that "the evidence proved that Petitioner merely introduced a willing buyer (her husband) of cocaine to a potential seller (her brother) of such goods." (Pet. 7.) "This is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255." See

Trenkler, 536 F.3d at 97. The exclusive remedy for such a challenge is a motion under 18 U.S.C. § 2255. Id. at 96.

Re-characterized as a § 2255 motion to vacate, Vasquez's motion is untimely. Vasquez filed the instant petition on September 14, 2010, nearly 47 months after her conviction became final on March 10, 2005. Because she did not file her claim within one year after her conviction became final, it is clearly precluded as untimely. 28 U.S.C. § 2255(f)(1); see Barreto-Barreto, 551 F.3d at 103 (holding that "[a] petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements").

Moreover, none of the other limitation provisions under § 2255[2] are available to save Vasquez's petition. Her claim is

---

[2] Section 2255(f) provides in full:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

not based on any right newly recognized by the U.S. Supreme Court, § 2255(f)(3), nor does she allege any newly discovered facts, § 2255(f)(4), or any impediment created by the government, § 2255(f)(2). Rather, Vasquez states that her failure to file her claim sooner is due to her counsel's failure to make her aware that her conviction was not supported by sufficient facts under Tyler v United States or to file an appeal raising that issue. (Pet. 9-10, 12.) As discussed infra, this claim is devoid of merit.

Thus, Vasquez's petition, treated as a § 2255 motion to vacate,[3] is untimely and must be dismissed.

---

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] This Court is aware that ordinarily, a prisoner is entitled to notice and an opportunity to be heard when a court is inclined to re-characterize an otherwise-labeled filing as a § 2255 motion. See Castro v. United States, 540 U.S. 375, 383 (2003). Here, however, such notice is unnecessary because: (1) Vasquez's re-characterized petition, as discussed infra, is clearly untimely, see United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004) (district court's failure to give notice of re-characterization under Castro deemed harmless error, where motion, so re-characterized, was clearly untimely); and (2) Vasquez was on notice of the government's contention that her motion, so re-characterized, was untimely, but she has not attempted to file any Reply rebutting that contention. In addition, as discussed infra, even if not re-characterized, the petition, as drafted, does not warrant relief.

B.  Claim Fails to Warrant Coram Nobis Relief

Even if Vasquez's petition were accepted as filed, it does not warrant coram nobis relief. "To obtain relief under a writ of error coram nobis, the 'petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment.'" Barreto-Barreto, 551 F.3d at 103 (quoting United States v. Sawyer, 239 F.3d 31, 38 (1st Cir. 2001)). Here, Vasquez cannot meet even the first prerequisite, as she has failed to show cause for not challenging her judgment sooner within the one-year limitations period, as noted above. Additionally, coram nobis relief is not available to Vasquez because she is still in legal custody.[4] See Barreto-Barreto, 551

---

[4] According to the government (Gov't Mem. 2), in 2007, while on supervised release in this case, Vasquez pled guilty in the United States District Court for the Southern District of Florida to one count of money laundering and was sentenced in June 2007 to 41 months' imprisonment, followed by two years of supervised release. See United States v. Vasquez, No. 07-CR-20023-KMM-2, Judgment (S.D. Fla. June 29, 2007). Vasquez completed the incarceration portion of that sentence on February 9, 2010, and was released from prison. She is now once again on supervised release in the instant case and will remain so until February 8, 2012. See 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."). These developments

F.3d at 103 (noting that coram nobis is "ordinarily available only to a criminal defendant who is no longer in custody" (quoting Trenkler, 536 F.3d at 98)).

Finally, even if the writ were available, Vasquez's claim falls far short of showing an error "fundamental to the validity of [her] judgment" justifying relief. Id. Her claim that the facts to which she pled guilty were insufficient to support her conviction is without merit. With one exception concerning her non-receipt of money for her role in the transaction (which was presented to and accepted by this Court at sentencing), Vasquez admitted to the facts concerning her participation in the offenses for which she was convicted. These included the facts that (1) the drug transaction took place in Vasquez's home; (2) a supplier delivered the drugs to Vasquez's house while the cooperating witness (CW) was out and Vasquez gave them to the CW when he returned; (3) the CW delivered the payment for the drugs to Vasquez and she later gave the money to the supplier; and (4) Vasquez later told the CW (in a recorded conversation) that the seller of the drugs (Vasquez's brother) was worried that the CW's customer was a police informant. These facts were more

---

do not affect this Court's determination of the claims presented herein.

than sufficient to support her conviction for the offense.[5] Indeed, at sentencing Vasquez did not deny her involvement but instead argued that she was a minor or minimal player in the transaction. (See Sent. Tr. 5-14.)

C. Ineffective Assistance Claims

In connection with her coram nobis claim, Vazquez argues that her counsel (1) failed to advise her at the time of her plea concerning the insufficiency of the evidence to convict her, and (2) failed to take an appeal based on that issue. (Pet. 9-10, 12.) To the extent that Vasquez purports to make an ineffective assistance claim,[6] the claim fails.

A petitioner who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

---

[5] Vasquez's reliance on the Second Circuit decision in United States v. Tyler, 758 F.2d 66 (2d Cir. 1985) is misplaced. There, the court, in reviewing a conviction for conspiracy to sell heroin, concluded that "the evidence [] merely show[ed] that Tyler helped a willing buyer locate a willing seller" and thus was insufficient to establish a conspiracy. Id. at 69. Tyler took no part in the drug sales transaction itself. The court affirmed Tyler's conviction for aiding and abetting a drug sale. Id. at 70. Here, by contrast, the facts noted above show that Vasquez did much more than simply introduce a willing seller to a willing buyer; she participated in the transaction by acting as a conduit for the drugs and money, and she engaged in a conversation about the need to avoid detection.

[6] Neither claim is well developed in Vasquez's memorandum in support of her petition, but the Court briefly addresses them nonetheless.

9

> (1) That his counsel's performance fell below an objective standard of reasonableness; and
>
> (2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); accord United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010).

Here, neither claim can succeed. As discussed, supra, there was more than sufficient evidence on which to base Vasquez's convictions for both of her offenses. Thus, counsel's failure to challenge the sufficiency of the facts to which his client pled -- a claim on which he likely would not have been successful -- does not constitute deficient performance. See United States v. Ventura-Cruel, 356 F.3d 55, 61 n.8 (1st Cir. 2003) (holding that defense counsel's failure to raise meritless legal argument does not constitute ineffective assistance of counsel); Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (same).

As to her claim that her counsel failed to file an appeal, Vasquez fails to mention that her plea agreement included a waiver of the right of appeal if her offense level was 23 or lower -- which it was. (Plea Agreement ¶ 9.) Moreover, she has not shown that she even requested her counsel to appeal. Thus,

under the circumstances here -- in which Vasquez waived her right to appeal and her counsel successfully argued for a lowered guideline range and then for a reduced sentence 18 months below that guideline range -- counsel would have been eminently reasonable in concluding that an appeal was neither desirable nor in Vasquez's best interest. See Roe v. Flores-Ortega, 528 U.S. 470, 478-80 (2000) (stating that duty to consult regarding an appeal arises only where a rational defendant would want to appeal or has "reasonably demonstrated" an interest in appealing).

Thus, because Vasquez has not come close to showing that her counsel's performance was objectively deficient as to either her plea or her appeal, her ineffective assistance claims fail. See Strickland, 466 U.S. at 688, 694 (noting that, to show ineffective assistance, defendant must show both deficient performance and prejudice resulting therefrom).

III. CONCLUSION

In view of the foregoing considerations, Vasquez's petition is hereby DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, the Court hereby finds that this case is not appropriate for the issuance

of a certificate of appealability because Vasquez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Vasquez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: January 9, 2012